# In the United States Court of Federal Claims

No. 15-872 T
(Filed April 11, 2016)

| | | |
|---|---|---|
| MINDY P. NORMAN, | ) | |
| Plaintiff, | ) | Bank Secrecy Act; Subject Matter |
| v. | ) | Jurisdiction; 28 U.S.C. § 1355. |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |

*James O. Druker,* Kase & Druker, Garden City, NY, for plaintiff.

*Jennifer D. Auchterlonie*, Tax Division, Court of Federal Claims Division, United States Department of Justice, Washington, D.C., with whom appeared *Caroline D. Ciraolo*, Acting Assistant Attorney General.  *David I. Pincus*, of counsel.

## OPINION

**Merow**, *Senior Judge.*

Plaintiff filed the instant complaint seeking the refund of a penalty assessed under the Bank Secrecy Act.  *See* Doc. 1.  On or about October 29, 2013, plaintiff was assessed a penalty in connection with her allegedly willful failure to comply with reporting requirements relating to a Swiss bank account.  *See id.* at 1.  She protested the assessment on January 21, 2014, and the Internal Revenue Service's ("IRS") appeals office affirmed imposition of the penalty on July 6, 2015.  *See id.* Plaintiff paid the penalty in full, and then filed both a claim for refund with the IRS and this action before the court.  *See id.* at 2.

The government has moved to dismiss the complaint on the basis that this court lacks subject matter jurisdiction.  *See* Doc. 7.  Prior to reaching the merits of her claim, plaintiff must, as a threshold matter, carry the burden of establishing this court's jurisdiction.  *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence"). "Should the court find that it lacks subject matter jurisdiction to decide a case on its merits, it is required either to dismiss the action as a matter of law, or to transfer it to another federal court that

would have jurisdiction." *Travelers Indem. Co. v. United States*, 72 Fed. Cl. 56, 59-60 (2006) (citing *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States,* 765 F.2d 1110, 1116 (Fed.Cir.1985); and *Gray v. United States,* 69 Fed.Cl. 95, 102–03 (2005)).

The government argues that this court lacks authority to consider plaintiff's case because the district courts of the United States hold exclusive jurisdiction over cases involving penalties, such as the one at issue here. *See* Doc. 7. The Court of Federal Claims is a court of limited jurisdiction, the scope of which is set out by the Tucker Act:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). This grant of jurisdiction applies to claims "for recovery of monies that the government has required to be paid contrary to law." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). Such a claim "may be maintained when 'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum' that 'was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Id.* at 1572-73 (citing *Eastport S.S. Corp. v. United States,* 178 Ct. Cl. 599, 605 (1967)).

Plaintiff claims that the court's jurisdiction here rests on this principle, but also acknowledges that jurisdiction is limited in cases "where Congress has expressly placed jurisdiction elsewhere." *S. Puerto Rico Sugar Trading Corp. v. United States*, 167 Ct. Cl. 236, 244 (1964); *see also* Doc. 8 at 5. The government argues that Congress has, in fact, placed jurisdiction elsewhere, by way of 28 U.S.C. § 1355. The statute states, in relevant part:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

28 U.S.C. § 1355(a).  According to the government, "[b]y its terms, section 1355 applies to this case, inasmuch as this is an action for the recovery of a penalty." *See* Doc. 7 at 10.[1]

The government's position rests almost entirely on the Federal Circuit's holding in *Crocker v. United States*, 125 F.3d 1475 (Fed. Cir. 1997).  In *Crocker*, after local authorities seized currency and savings bonds from the plaintiff, the Drug Enforcement Agency instituted forfeiture proceedings.  *See Crocker*, 125 F.3d at 1475-76.  The bonds were later administratively forfeited, and plaintiff sued to recover her property.  *See id.* at 1476.  The court held that it was lacking jurisdiction under several theories of recovery, including the theory that the government's actions amounted to an illegal exaction.  *See id.* at 1477.  The court affirmed the Court of Federal Claims' ruling that it lacked jurisdiction:

> The Tucker Act provides jurisdiction in the Court of Federal Claims to recover "exactions said to have been illegally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere)."  *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572-73 (Fed. Cir. 1996) (citing *South Puerto Rico Sugar Trading Corp. v. United States*, 167 Ct. Cl. 236, 334 F.2d 622, 626 (1964)).  Congress has unambiguously allocated these judicial activities to the district courts.  *See* 28 U.S.C. § 1355(a) (1994); *United States v. King*, 395 U.S. at 2-3.

*Id.*

On the basis of this passage, the government argues that this court should expand the *Crocker* ruling to preempt jurisdiction in cases involving not only forfeitures, but anything that can be characterized as a penalty.  "In short, the Federal Circuit's holding in *Crocker* makes clear that Tucker Act jurisdiction with respect

---

[1] The court notes that the plain language of this statute does not necessarily indicate that the Court of Federal Claims lacks jurisdiction.  It is clear that district courts have original jurisdiction, and that state courts have no jurisdiction, but it simply does not explicitly address the authority of other federal courts.  In several cases, this court has interpreted the phrase "original jurisdiction" to mean exclusive jurisdiction.  *See Pereira v. United States*, 84 Fed. Cl. 597, 600 (2008) ("A grant of 'original jurisdiction' to the district courts has been construed to confer exclusive jurisdiction and preclude suit in this forum.") (collecting cases).  But at least one federal appellate court has come to the opposite conclusion with regard to 28 U.S.C. § 1355.  *See United States v. Plainbull*, 957 F.2d 724, 726 (9th Cir. 1992) ("Section 1355 only grants the district court original jurisdiction 'exclusive of the courts of the States,' not exclusive of all other courts that would otherwise have had jurisdiction.").  The Federal Circuit has, apparently, not addressed this issue.

to illegal exactions neither overlaps nor is coextensive with district court jurisdiction under section 1355 to hear 'any action or proceeding' with respect to the recovery of 'any fine, penalty, or forfeiture.'" Doc. 7 at 13. A careful reading of Federal Circuit precedent, however, belies that conclusion.

The year after deciding the *Crocker* case, the Federal Circuit issued its opinion in *San Huan New Materials High Tech, Inc. v. Int'l Trade Comm'n*, 161 F.3d 1347 (Fed. Cir. 1998). *San Huan* involved an appeal of certain penalties imposed on plaintiffs by the United States International Trade Commission. Plaintiffs contended, among other things, that the Commission lacked authority to assess the penalties because 28 U.S.C. § 1355 granted the district courts the exclusive authority to do so. *See id.* at 1351. In response to this argument, the Federal Circuit explained:

> Section 1355 of 28 U.S.C. does not create a presumption that district courts must uniquely determine and assess, as well as enforce, all civil penalties. *See* 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3578 (1984 & Supp.1998) (Section 1355 has "little if any present utility" and is "more a source of confusion that [sic] anything else"); *see also Lawrence v. Commodity Futures Trading Comm'n,* 759 F.2d 767, 771 (9th Cir.1985) ("§ 1355 gives the district courts original jurisdiction over court actions *brought to reduce fines to judgment*") (emphasis added).

*Id.* Thus, although the case at bar is different in many respects, the *San Huan* opinion provides meaningful insight into the Federal Circuit's interpretation of section 1355 outside of the forfeiture context.

The Circuit's statement in *San Huan*, that section 1355 was not meant to give district courts exclusive jurisdiction in all penalty cases, is also bolstered by the Court of Claims' decision in *Mallow v. United States*, 161 Ct. Cl. 446 (1963). In *Mallow,* the Court of Claims found that it had jurisdiction to consider plaintiff's claim to recover fines that were allegedly illegally imposed in connection with a court martial under 28 U.S.C. § 1491. *See id.* Although the court did not discuss section 1355 in *Mallow*, the same operative language appeared in the version of the statute which was in force when the court decided *Mallow* in 1963.

Even absent explicit proscription of this court's authority, however, the Federal Circuit and the Supreme Court of the United States have frequently held that when a "'specific and comprehensive scheme for administrative and judicial review' is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over

the subject matter covered by the scheme is preempted." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (citing *St. Vincent's Med. Ctr. v. United States*, 32 F.3d 548, 549–50 (Fed. Cir.1994)); *see also, e.g., United States v. Bormes*, 133 S. Ct. 12 (2012) (Fair Credit Reporting Act); *United States v. Fausto,* 484 U.S. 439, 453–54, (1988) (Civil Service Reform Act); *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1372 (Fed. Cir. 2005) (Agricultural Marketing Agreement Act); *Tex. Peanut Farmers v. United States,* 409 F.3d 1370 (Fed. Cir. 2005) (no Tucker Act jurisdiction over claim for breach of crop insurance contract); *Wilson v. United States,* 405 F.3d 1002 (Fed. Cir. 2005) (Social Security Act and Medicare); *see also Massie v. United States,* 166 F.3d 1184, 1188 (Fed. Cir. 1999) ("[A] contract will not fall within the purview of the Tucker Act if Congress has placed jurisdiction over it elsewhere.").

The government has not presented any argument or evidence suggesting that the Bank Secrecy Act contains a scheme for review sufficient to preempt Tucker Act authority.  Rather, the government urges the court, on the basis of two Court of Federal Claims cases, to hold that "Tucker Act jurisdiction [is] preempted because section 1355 provides a specific and comprehensive scheme for judicial review." Doc. 7 at 10.

To support its position, the government first points to *Wayne ex rel. MYHUB Grp., LLC v. United States*, 95 Fed. Cl. 475, 478 (2010), a case involving a challenge to a civil forfeiture.  In *Wayne*, the court cited *Crocker*, stating that "'Congress has unambiguously allocated' exclusive jurisdiction to the federal district courts for claims seeing [sic] the recovery of property taken pursuant to federal civil forfeiture proceedings." *Wayne*, 95 Fed. Cl. at 478.  The court ultimately held that Tucker Act jurisdiction was preempted on the basis that section 1355(c) provided a comprehensive review scheme.  *See id.*  This case, of course, deals with section 1355(a), not 1355(c).

The government then looks to *Elliott v. United States,* 96 Fed. Cl. 666 (2011), in which the plaintiff sought to recover funds withheld from his Social Security payments pursuant to the Federal Debt Collection Procedure Act.  Plaintiff's debt resulted from a judgment against him related to criminal convictions on seventy counts, including securities fraud, mail fraud, tax evasion, and racketeering.  *Id.* at 667.  The court described the nature of plaintiff's claim as follows: "plaintiff is challenging whether the Government procedurally complied with the forfeiture laws, i.e., whether the Attorney General took necessary steps to prevent the judgment from expiring, or whether, in the absence of the required action, the Government now is foreclosed from retaining part of his Social Security payments." *Elliott*, 96 Fed. Cl.

at 670. The court then observed that: "[t]he judgment, derived from fines and forfeitures resulting from criminal convictions, is exactly the type of monetary obligation that § 1355 was intended to reach, and not an example of a civil dispute of an illegal exaction that classically comes within the jurisdiction of the Court of Federal Claims." *Id.*

The fact that *Elliott* involved fines related to criminal convictions is an obvious distinction from the case at bar. And the genesis of the claims in *Elliott* mattered to the court. The court specifically concluded that Tucker Act jurisdiction was preempted:

> The broad language of § 1355(a), *taken together with the gravamen of plaintiff's cause of action*, dictates that plaintiff's challenge to the Government's ability to recover the debt that plaintiff owes properly should be brought before a federal district court, as it is ultimately a "proceeding" that adjudicates the Government's right to "recovery or enforcement" of the 1989 judgment against plaintiff. To hold otherwise would undermine the purpose of § 1355 and negate Congress's commitment of such actions to federal district courts.

*Id.* at 671 (emphasis added).

This case does not involve a forfeiture action, it does not involve criminal convictions, and it does not implicate the *government's* efforts to recover funds, as the plaintiff has already paid the penalty at issue, in full. In addition, the government has made no argument and presented no evidence that the Bank Secrecy Act contains a comprehensive review scheme sufficient, on its own, to preempt this court's jurisdiction.

While there is obvious tension between section 1355(a) and the scope of Tucker Act jurisdiction, the court does not believe that Federal Circuit precedent supports the blanket preemption of Tucker Act jurisdiction in all penalty cases for which the government argues. The court does acknowledge, however, that substantial ground for difference of opinion on this controlling question of law exists, so that an interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(2) may materially advance the ultimate termination of the litigation.

The government's motion to dismiss is, hereby, **DENIED.**

**SO ORDERED.**

s/ James F. Merow
James F. Merow,
Senior Judge